IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MELISSA F. ROUNDS, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-16-026-KEW
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social )
Security Administration, )
 )
 Defendant. )

**OPINION AND ORDER**

Plaintiff Melissa F. Rounds (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 25, 1979 and was 36 years old at the time of the ALJ's decision.  Claimant completed he education through the tenth grade.  Claimant has worked in the past as a daycare center aide.  Claimant alleges an inability to work beginning October 2, 2007 due to limitations resulting from affective mood disorder (bipolar) and seizures.

**Procedural History**

On March 23, 2012, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 2, 2015, an administrative hearing was held before Administrative Law Judge ("ALJ") B.D. Crutchfield in Tulsa, Oklahoma. He issued an unfavorable decision on August 8, 2015. The Appeals Council denied review of the ALJ's decision on December 24, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) reaching an RFC which is not supported by substantial evidence; (2) finding at step five that Claimant could perform other jobs; (3) performing an erroneous credibility assessment; and (4) failing to fully develop

the record by obtaining further consultative evaluations of Claimant's mental limitations.

## RFC Evaluation and Duty to Develop the Record

In his decision, the ALJ found Claimant suffered from the severe impairment of affective mood disorder. (Tr. 12). The ALJ determined Claimant retained the RFC to perform a full range of work at all exertional levels with the non-exertional limitations of performing simple tasks with routine supervision; her psychiatric symptoms have a moderate impact on her functioning but with mediation compliance they should not interrupt her ability to work; she could relate to supervisors and peer on a superficial work basis; she could not relate to the general public; she may have moderate difficulty with receiving constructive feedback from supervisors; she may have occasional distracting behavior at the workplace due to her symptoms; and she could adapt to a work situation. (Tr. 14).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of hand packager, laundry worker, and dishwasher, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 20). As a result, the ALJ determined Claimant was not under a disability since March 23, 2012, the date the application was filed. Id.

Claimant contends that the ALJ erred in his RFC assessment. Claimant first asserts that his mental impairments would preclude sustained employment. In particular, Claimant states that the report of Dr. Robert Spray contradicts the ALJ's RFC conclusions. On September 6, 2012, Dr. Spray conducted a mental diagnostic evaluation of Claimant. Among his findings was a moderate impairment of Claimant's concentration and attention. He also found Claimant persisted well during the exam, but her ability to persist with job-like tasks may wax and wane depending upon her mood. Dr. Spray also noted that variable motivation due to her mood disorder and intrusion of thoughts and flashbacks from trauma could interfere with her ability to complete work-like tasks in a timely manner. He noted no indications of symptom exaggeration or malingering. (Tr. 377).

This Court cannot identify in the ALJ's decision where Dr. Spray's opinion was weighed and considered. The ALJ must evaluate every medical opinion in the record, and he will consider several factors in deciding the weight that should be given to any medical opinion. <u>Salazar v. Barnhart</u>, 468 F.3d 615, 625-626 (10th Cir. 2006)(citing 20 C.F.R. § 416.927(d)). In evaluating medical opinions, the ALJ must accord each opinion the proper weight on the basis of: (1) the examining relationship; (2) the treatment relationship; (3) the length of the treatment relationship and the

frequency of examinations; (4) the nature and extent of the treatment relationship; (5) how well the opinion is supported; (6) its consistency with other evidence; and (7) whether the opinion is from a specialist. Id. at 626. *See also* Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ must give good reasons for the weight assigned to a medical opinion and set forth specific, legitimate reasons for rejecting an opinion of an acceptable treating source. Watkins, 350 F.3d at 1300-1301. While the ALJ evaluated several other opinions which were somewhat consistent with Dr. Spray's opinion, he did not specifically weigh Dr. Spray's opinion. On remand, the ALJ shall consider this professional's opinion and its effect upon the RFC.

Moreover, this Court agrees with Claimant's assessment of the amorphous and vague terms used by the ALJ in setting out the non-exertional limitations in the RFC. Terms such as "occasional distracting behavior" and the use of the term "moderate difficulty" and "moderate impact" do little to define the restrictions upon Claimant's ability to engage in basic work activities. On remand, the ALJ shall strive to define these terms in order to refine the job base which Claimant can either perform or not.

Claimant contends the ALJ should have ordered a further consultative psychological examination in order to develop

7

Claimant's possible conversion disorder, which is referenced in the record on two occasions as well as Claimant's mental condition. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file

8

does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

This Court does not perceive that any of these conditions exist such that an additional consultative examiner should be directed. No error is attributed to the ALJ's conduct on the development of the record.

**Step Five Evaluation**

Claimant also contends the ALJ's hypothetical questioning of the vocational expert was flawed since the questions did not include an accurate RFC. Since the ALJ will be evaluating Dr.

Spray's opinion and further defining his RFC, he should also reassess his hypothetical questioning to accommodate any alterations to the RFC that he might make.

### Credibility Determination

Claimant also challenges the adequacy of the ALJ's credibility findings. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 31st day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE